UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KATHIE MARIE BUCKNELL, | CASE NO. ED CV 18-0261 AS |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **AND ORDER OF REMAND** |
| Defendant. | |

For the reasons discussed below, IT IS HEREBY ORDERED that, pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On February 2, 2018, Plaintiff filed a Complaint seeking review of the denial of her application for Disability Insurance Benefits. (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos.

12-14). On July 24, 2018, Defendant filed an Answer along with the Administrative Record ("AR"). (Dkt. Nos. 16-17). The parties filed a Joint Stipulation ("Joint Stip.") on October 16, 2018, setting forth their respective positions regarding Plaintiff's claim. (Dkt. No. 18).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE RECORD**

On October 21, 2013, Plaintiff filed an application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act alleging a disability onset date of August 1, 2013. (AR 71, 148). The Commissioner denied Plaintiff's application initially and on reconsideration. (AR 62-81). On February 18, 2016, Plaintiff, represented by counsel, testified at a hearing before Administrative Law Judge Alan J. Markiewicz (the "ALJ"). (AR 28-61). The ALJ also heard testimony from Alan Boroskin, an impartial vocational expert ("VE"). (AR 64-78; see id. 214-18).

On July 13, 2016, the ALJ denied Plaintiff's request for benefits. (AR 18-24). Applying the five-step sequential process, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since August 1, 2013, the alleged onset date. (AR 20). At step two, the ALJ found that Plaintiff's lumbar spine strain and chondromalacia of the bilateral knees are severe impairments.[1] (AR 20). At step three, the ALJ determined

---

[1] The ALJ found that Plaintiff's diabetes, hypertension, chronic obstructive pulmonary disease, and sleep apnea have not

that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations. (AR 21).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[2] and concluded that she can perform a range of sedentary work, as defined in 20 C.F.R. § 404.1567(a),[3] except:

> [Plaintiff] can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; can stand and/or walk for a total of four hours, and sit for a total of six hours, in an eight-hour workday with normal breaks; cannot use ladders, ropes or scaffolds; can occasionally climb ramps or stairs; and can occasionally balance, stoop, kneel, crouch and crawl.

(AR 21). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a reservation specialist, as generally performed in the national economy and as actually

---

resulted in any consistent and significant functional impact during the period at issue and are therefore nonsevere. (AR 20).

[2] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

3

performed by Plaintiff. (AR 23). Accordingly, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act from August 1, 2013, through the date of the decision. (AR 23-24).

The Appeals Council denied Plaintiff's request for review on December 22, 2017. (AR 4-9). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. 42 U.S.C § 405(g); see Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is relevant evidence "which a reasonable person might accept as adequate to support a conclusion." Hoopai, 499 F. 3d at 1074; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). To determine whether substantial evidence supports a finding, "a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citation omitted); see Widmark v. Barnhart, 454 F.3d 1063,

4

1066 (9th Cir. 2006) (inferences "reasonably drawn from the record" can constitute substantial evidence).

This Court "may not affirm [the Commissioner's] decision simply by isolating a specific quantum of support evidence, but must also consider evidence that detracts from [the Commissioner's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and internal quotation marks omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, [a] court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

**DISCUSSION**

Plaintiff's sole claim is that the ALJ erred in rejecting her subjective symptom statements. (Joint Stip. at 4-7, 13-14). After consideration of the parties' arguments and the record as a whole, the Court finds that Plaintiff's claim of error warrants remand for further consideration.

**A. The ALJ Failed To Provide Specific, Clear, and Convincing Reasons for Rejecting Plaintiff's Subjective Symptom Testimony**

Plaintiff asserts that in evaluating her subjective statements, the ALJ failed to specifically identify the testimony he found not to be credible and to clearly explain the evidence that undermined Plaintiff's testimony. (Joint Stip. at 5, 7, 13).

Plaintiff alleges disability from diabetes, COPD, sleep apnea, upper extremity pain, and neuropathic lower extremity pain. (AR 34). She testified that she is insulin dependent and her diabetes is uncontrolled. (AR 40-41, 189). She easily tires and feels weak most of the time. (AR 187). Plaintiff has severe, throbbing, shooting pain in her feet due to diabetic neuropathy. (AR 42-43). She testified that she has a hard time breathing and gets short of breath. (AR 43). Plaintiff has a nebulizer that plugs into the wall, which she uses at home, and a CPAP machine that she uses at night. (AR 43, 46). Plaintiff's back pain has been getting progressively worse. (AR 43-44). She has been prescribed Norco for her pain, but it makes her sleepy. (AR 44). Due to the side effects from Norco, Plaintiff's chronic pain, and her lack of sleep due to her sleep apnea, Plaintiff testified that she takes two to three naps a day totaling three to four hours. (AR 44, 51, 52). The VE testified that an individual who would be off task for 20% of a workday due to medicine side effects, fatigue, or an inability to stay alert could not sustain fulltime work in the national economy. (AR 57-58).

When assessing a claimant's credibility regarding subjective pain or intensity of symptoms, the ALJ must engage in a two-step analysis. Trevizo v. Berryhill, 874 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine if there is medical evidence of an impairment that could reasonably produce the symptoms alleged. Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014). "In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Id. (emphasis in original) (citation omitted). "Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof." Id. (citation omitted).

If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony about the symptom severity. Trevizo, 874 F.3d at 678 (citation omitted); see also Smolen, 80 F.3d at 1284 ("[T]he ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). "This is not an easy requirement to meet: The clear and convincing

standard is the most demanding required in Social Security cases." Garrison, 759 F.3d at 1015 (citation omitted).

In discrediting the claimant's subjective symptom testimony, the ALJ may consider the following:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation omitted). Inconsistencies between a claimant's testimony and conduct, or internal contradictions in the claimant's testimony, also may be relevant. Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). In addition, the ALJ may consider the observations of treating and examining physicians regarding, among other matters, the functional restrictions caused by the claimant's symptoms. Smolen, 80 F.3d at 1284; accord Burrell, 775 F.3d at 1137. However, it is improper for an ALJ to reject subjective testimony based "solely" on its inconsistencies with the objective medical evidence presented. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (citation omitted).

Further, the ALJ must make a credibility determination with findings that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted); see Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) ("A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.") (citation omitted). Although an ALJ's interpretation of a claimant's testimony may not be the only reasonable one, if it is supported by substantial evidence, "it is not [the court's] role to second-guess it." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," and the ALJ did not make a finding of malingering. (AR 22). Nevertheless, the ALJ concluded that Plaintiff's subjective symptom statements "are not entirely consistent with the medical evidence and other evidence in the record." (AR 22). After careful consideration, the Court finds that the ALJ's conclusions are contrary to law and not supported by clear and convincing evidence. See Garrison, 759 F.3d at 1015 (The clear and convincing standard

is "the most demanding required in Social Security cases" and "is not an easy requirement to meet.") (citation omitted).[4]

First, the ALJ's decision is not "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti, 533 F.3d at 1039 (citation omitted). It is not at all clear which testimony the ALJ found credible and which he found not credible and why. See Brown-Hunter, 806 F.3d at 493 ("The ALJ . . . failed to identify specifically which of Brown-Hunter's statements she found not credible and why."); Knape v. Berryhill, 734 F. App'x 500, 501 (9th Cir. 2018)("The ALJ failed to identify the parts of Knape's mental health symptom testimony he found not credible and failed to provide any links to the record."); Fritz v. Berryhill, 685 F. App'x 585, 586 (9th Cir. 2017) ("[T]he ALJ did not identify what testimony was not credible and what evidence undermined Fritz's complaints."). Instead, the ALJ summarized Plaintiff's testimony in a single sentence: "[Plaintiff] alleges disabling limitations due to her symptoms including difficulties with maneuvering and exertion." (AR 22). The ALJ then went on to summarize the medical

---

[4] The Commissioner accurately rejects Plaintiff's contention that "[o]nce [Plaintiff] demonstrated the existence of a condition that would cause some degree of limitation of work function, the burden shifted to the Commissioner . . . to articulate specific reasons for rejecting the subjective limitations." (Joint Stip. at 4; see id. 6, 8-9). Indeed, the claimant retains the burden of proof at steps one through four, and the Commissioner has the burden only at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001). Instead, if the claimant first provides medical evidence of an impairment that could reasonably produce the symptoms she alleges, the ALJ must then provide specific, clear, and convincing reasons for rejecting the claimant's testimony regarding the symptom's severity. Garrison, 759 F.3d at 1014-15; Trevizo, 874 F.3d at 678.

10

evidence supporting his RFC determination. (AR 22-23). "This is not the sort of explanation or the kind of 'specific reasons' [this Court] must have in order to review the ALJ's decision meaningfully, so that [the Court] may ensure that the claimant's testimony was not arbitrarily discredited." Brown-Hunter, 806 F.3d at 494. Critically, the ALJ never addressed Plaintiff's testimony that her pain medicine causes sleepiness, which interferes with her ability to complete a normal workday, even though the ALJ found Plaintiff's lumbar spine strain severe and commented that her "history of pain . . . [has] been treated with pain medication." (AR 21, 22); see Werlein v. Berryhill, 725 F. App'x 534, 535–36 (9th Cir. 2018) ("Critically here, the ALJ . . . never addressed [the claimant's] testimony that her thyroid medication causes sleeplessness, which interferes with her ability to go to work, even though [the ALJ] concluded that [the claimant's] thyroid problem is controlled by medication.").

Second, the ALJ erroneously concluded that Plaintiff's care was conservative. The ALJ found that Plaintiff's [p]rimary care treatment records . . . document conservative care for [her] chronic conditions and temporary minor maladies." (AR 22). A conservative course of treatment may discredit a claimant's allegations of disabling symptoms. See, e.g., Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) (treatment with over-the-counter pain medication is "conservative treatment" sufficient to discredit a claimant's testimony regarding allegedly disabling pain). Here, however, the medical evidence reflects that in addition to the need for multiple daily insulin injections and the

11

use of a plug-in nebulizer, Plaintiff was prescribed Norco (hydrocodone) and Ativan (lorazepam). (AR 47, 289, 297, 3065, 308, 324, 366). The consistent use of Norco, a strong opioid medication, cannot accurately be described as "conservative" treatment. See Lapeirre-Gutt v. Astrue, 382 F. App'x 662, 664 (9th Cir. 2010) (treatment consisting of "copious" amounts of narcotics, occipital nerve blocks, and trigger point injections not conservative); Kager v. Astrue, 256 F. App'x 919, 923 (9th Cir. 2007) (rejecting adverse credibility determination premised on absence of significant pain therapy where claimant took prescription pain medications including Methocarbomal and the narcotic analgesics Roxicet and Valium); Madrigal v. Berryhill, No. CV 17 0824, 2017 WL 5633028, at *6 (C.D. Cal. Nov. 21, 2017) ("[P]laintiff has been prescribed strong prescription pain medications, including the narcotic medication Norco, has received spinal injections, and has been referred for a lap band surgery consultation, treatment that is not necessarily conservative."); Mangat v. Colvin, No. 15 CV 2312, 2017 WL 1223881, at *5 (S.D. Cal. Feb. 3, 2017) (finding that treatment of diabetes, which progressed to insulin therapy, cannot be characterized as conservative); Childress v. Colvin, No. 13 CV 3252, 2014 WL 4629593, at *12 (N.D. Cal. Sept. 16, 2014) ("not obvious whether the consistent use of [Norco] (for several years) is 'conservative' " treatment); Aguilar v. Colvin, No. CV 130 8307, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications."); cf. Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (treatment corroborating allegations of severe and unremitting pain may

12

include a strong Codeine or Morphine basic analgesic); <u>Ascencio v. Colvin</u>, No. CV 14-0971, 2014 WL 5661882, at *5 (C.D. Cal. Nov. 4, 2014) (finding ALJ provided clear and convincing evidence for discounting plaintiff's subjective pain testimony, in part because ALJ "found that healthcare providers treated [p]laintiff's diabetes with oral medication, <u>not insulin</u>") (emphasis added). Further, the ALJ failed to acknowledge that Plaintiff experienced significant side effects from her pain medications, including drowsiness, as discussed above. (AR 44, 51, 52).

Finally, the ALJ's reliance on objective medical evidence is insufficient to undermine Plaintiff's subjective symptom testimony. The ALJ concluded that "[r]ecords dating after the alleged onset date are limited and do not reflect a disabling degree of functional limitations." (AR 22). While inconsistencies with the objective medical evidence can be a factor that the ALJ may consider when evaluating a claimant's credibility, it cannot be the <u>sole</u> ground for rejecting a claimant's subjective testimony. <u>Bray</u>, 554 F.3d at 1227; <u>Burch v. Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005); <u>Rollins</u>, 261 F.3d at 857. Here, the only other factor noted by the ALJ was the supposed conservative treatment, which was not supported by substantial evidence, as discussed above. In any event, the objective evidence cited by the ALJ does not dispute all of Plaintiff's subjective statements. For example, as already noted, the ALJ does not cite any evidence to dispute Plaintiff's testimony that due to the side effects from Norco, Plaintiff's chronic pain, and her lack of sleep due to her sleep apnea, she takes two to three naps a day totaling three to four hours. (AR

13

44, 51, 52). As noted above, unless the ALJ properly rejects these subjective symptoms, an individual off task for 20% of a workday cannot sustain fulltime employment. (AR 57-58).

In sum, the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptoms. The matter is remanded for further proceedings. On remand, the ALJ shall reevaluate Plaintiff's symptoms in accordance with SSR 16-3p, taking into account the full range of medical evidence.

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81; see also Garrison, 759 F.3d at 1020 (cautioning that "the credit-as-true rule may not be dispositive of the remand question in all cases"); cf. Treichler v. Comm'r of

Soc. Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("[T]he record raises crucial questions as to the extent of Treichler's impairment given inconsistencies between his testimony and the medical evidence in the record. These are exactly the sort of issues that should be remanded to the agency for further proceedings.").

Since the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony, remand is warranted. However, if the ALJ properly determines which of Plaintiff's statements he found not credible and why, the record does not affirmatively establish that Plaintiff is disabled. Remand is therefore appropriate.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 27, 2018

/S/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE